NATIONAL BOND & SECURITY COMPANY v. CITY OF ST. PAUL.[1]

January 8, 1904.

Nos. 13,651—(173).

**City of St. Paul—Certificate of Sale—Opening Judgment.**

Under the provisions of section 48, tit. 3, c. 6, of the charter of St. Paul, the purchaser or holder of the certificate of sale under assessment proceedings for the improvement of a street is not entitled to appear in the original proceedings, and by motion have the judgment opened and vacated upon the ground that it is void. As between such purchaser and the city, such judgment and sale are deemed to be valid, and the amount of the purchase price can be refunded only when the judgment and proceedings are adjudged to be void in an action between the purchaser and the owner of the land.

Appeal by National Bond & Security Company from an order of the district court for Ramsey county, Orr, J., dismissing a petition to vacate a judgment theretofore entered in that court in proceedings instituted by the city of St. Paul for the collection of an assessment for the grading of Jessamine street in said city. Affirmed.

*William G. White,* for appellant.

*J. C. Michael* and *G. R. O'Reilly,* for respondent.

LEWIS, J.

November 23, 1895, judgment was entered in the district court of Ramsey county against a large number of tracts of real estate for the nonpayment of an assessment which had been levied upon the same for the grading of Jessamine street, in the city of St. Paul. On January 27, 1896, the parcels of real estate described in such judgment were sold by the city treasurer to the National Investment Company, and certificates of sale were duly issued, covering six of the tracts referred to. These various certificates of sale were thereafter assigned and transferred to the National Bond & Security Company. The National Bond & Security Company obtained an order in the original assessment proceedings to show cause before the district court why the judgment

[1] Reported in 97 N. W. 878.

should not be vacated upon the ground that it was void for insufficient publication of the notice of judgment. Upon application of the city, the petition and application for the vacation of the judgment was dismissed, and the order to show cause discharged. The petitioner appeals.

The charter in force at the time judgment was entered (section 48, tit. 3, c. 6, p. 42, of the new charter) provides that all deeds made to purchasers in assessment proceedings shall be prima facie evidence that all the requirements of the law with respect to the sale have been duly complied with and of title in the grantee therein after the time for redemption has expired, and that no sale shall be set aside or held invalid unless the person objecting to the same shall either prove that the court rendering the judgment, pursuant to which the sale was made, had not jurisdiction to render the judgment, or that after the judgment, and before the sale, such judgment had been satisfied, or that notice of the sale, as required by this act, was not given, or that the piece or parcel of land was not offered at sale to the bidder who would pay the amount for which the piece or parcel was to be sold, nor unless the action in which the validity of the sale shall be called into question be brought, or the defense alleging its invalidity be interposed, within three years after the date of the sale. The charter further provides that in any action heretofore or hereafter commenced in which the validity of a deed or certificate of sale issued under this charter is brought into question, and the same shall be set aside on account of any irregularity or defect invalidating the sale pursuant to which the certificate or deed was issued, the party holding such deed or certificate shall recover from the City of St. Paul the amount paid by the purchaser at the sale, or by the assignee of the city on taking an assignment certificate, with interest at the rate of seven per cent. from the date of such payment. The charter also provides that the real estate sold under such proceedings may be redeemed at any time within five years from the date of the sale by any person having an interest therein.

In the present case the sale was made on January 27, 1896, and the three years within which an action must be brought to test the validity of the sale expired January 27, 1899, and the time for redemption expired January 27, 1901. These proceedings to vacate and set aside the judgment were commenced in 1903. Appellant assumes that the stat-

ute of limitations has no application, and that it may test the validity of the judgment and sale in a proceeding of this nature, notwithstanding the fact that the time for redemption has expired.    The view we take of the relation between the holder of the certificate of sale and the city makes it unnecessary to consider the effect of the statute of limitations, and whether a proceeding of this character is an action, within the meaning of such statute.

Appellant has misconceived the nature of its rights as a holder of the certificate.    It has acted upon the theory that if, in fact, the judgment or sale is for any reason invalid, it may proceed, upon its own motion, to vacate the judgment by appearing in the original proceeding, having the judgment declared invalid, and recover from the city the amount of the purchase price.    Such is not the law.

It is the plain intent of the charter provisions that, as against the city, the purchaser at the sale, and those holding under him, cannot dispute the validity of the title.    The action referred to in the charter is an action or proceeding directly between the purchaser or holder of the certificate and the owner of the property, and if, in such an action, it is determined that the judgment and sale are invalid, then the holder of the certificate, not being entitled to that which the certificate should give him, viz., the land, may recover from the city the purchase price, with interest.    The purchaser takes his certificate under an agreement that, as between himself and the city, he takes the land, unless, as stated, the proceedings are determined to be invalid.    He buys with knowledge of the fact that he must hold the certificate for the period of five years before his interest will ripen into a legal title, during which time its validity may be attacked and determined, or the premises be redeemed.

Order affirmed.